IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIAMOND SPORTS LLC, d/b/a RIMAS SPORTS,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION,<br><br>Defendants. | CIVIL NO. 24-1222 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On August 15, 2024, an Opinion and Order was issued by this Court granting Defendant Major League Baseball Players Association's ("MLBPA") Motion to Compel Arbitration and this case was stayed. The Court ordered Plaintiff Diamond Sports, LLC d/b/a Rimas Sports ("Rimas Sports") and Defendant MLBPA to binding arbitration pursuant to the terms set forth in the MLBPA's Regulations. (Docket No. 77).

On August 23, 2024, the MLBPA filed two Motions for Contempt and Memoranda of Law [1] claiming Rimas Sports chose to defy the Court's Opinion and Order by filing an arbitration demand with the American Arbitration Association ("AAA") and not the MLBPA, invoking AAA Commercial Arbitration Rules and not the MLBPA's Regulations and AAA Voluntary Labor Arbitration Rules. The MLBPA moved the Court to find Rimas Sports in contempt, order it to comply with the Opinion and Order and impose sanctions in the amount of the MLBPA's reasonable attorney's fees and costs. (Docket Nos. 79 and

---

[1] Two motions for contempt were filed since one is redacted but both contain in essence the same content.

81).

On August 26, 2024, the Court issued an Order to Show Cause to Rimas Sports as to why the relief requested in the Motions to Compel should not be granted. (Docket No. 83).

On August 29, 2024, Rimas Sports complied with the Order to Show Cause by filing a Memorandum in Opposition to Motion for Contempt. Then, Rimas Sports filed a Supplemental Motion in Opposition on September 3, 2024. In essence, Rimas Sports claims that it has fully complied with the Court's Opinion and Order and the MLBPA's Regulations because it invoked the arbitration procedure though a written grievance with the MLBPA, as required by Section 7(B)(6) of the Regulations, while concurrently filing its Demand for Arbitration with the AAA to ensure the arbitration process proceeds with unnecessary delay. (Docket Nos. 84 and 86).

On September 3, 2024, the MLBPA filed two Replies to Plaintiff's Opposition[2] restating its prior arguments in support of a finding of contempt. (Docket Nos. 90 and 92).

Upon a careful review, the MLBPA's Motions for Contempt are GRANTED. (Docket No. 79 and 81).

**ANALYSIS**!

**A. Civil Contempt.**

A contempt order derives from its inherent power to 'sanction ... litigation abuses which threaten to impugn the district court's integrity or disrupt its efficient management of [case] proceedings." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 426 (1st Cir.

---

[2] Two replies were filed since one is redacted but both contain in essence the same content.

2015) (quoting United States v. Kouri-Pérez, 187 F.3d 1, 7 (1st Cir. 1999)). Compliance with an order from a federal judge is not optional. Federal courts have authority to impose civil contempt sanctions "to coerce compliance with a court order or to compensate a party harmed by non-compliance." United States v. Puerto Rico, 642 F.3d 103, 108 (1st Cir. 2011); Almeida-Leon v. WM Cap. Mgmt., Inc., 2021 WL 3575037, at *14-15 (D.P.R. Aug. 12, 2021).

Due to the "contempt power's virility and damage potential," federal courts use a four-pronged test to cabin judicial discretion and ensure that judges exercise their contempt powers judiciously. United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005) (quoting Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991)). A complaining party must prove civil contempt by clear and convincing evidence. Project B.A.S.I.C., 947 F.2d at 16.

Civil contempt has four elements. Saccoccia, 433 F.3d at 27. First, the evidence must show "that the alleged contemnor had notice that he was 'within the order's ambit.'" Id. (quoting Project B.A.S.I.C., 947 F.2d at 17). Second, the court's order must have been "clear and unambiguous." Id. (quoting AccuSoft Corp. v. Palo, 237 F.3d 31, 47 (1st Cir. 2001)). Third, the alleged contemnor must have "had the ability to comply" with the order the contemnor is alleged to have violated. Id. (citing United States v. Rylander, 460 U.S. 752, 757, 103 S.Ct. 1548 (1983)). Fourth, the alleged contemnor must have actually violated the court order. Id. (citing Project B.A.S.I.C., 433 F.2d at 27).

"Since the civil contemnor may absolve herself of the sanction by complying with the contempt order, civil contempt sanctions may be imposed with merely notice and an opportunity to be heard." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d at 426 (citing

Case 3:24-cv-01222-CVR   Document 95   Filed 09/04/24   Page 4 of 6

Diamond Sports, LLC d/b/a Rimas Sports v. Major League Baseball Players Association
Order
Civil No. 24-1222 (CVR)
Page 4
_____

United States v. Winter, 70 F.3d 655, 661 (1st Cir. 1995)). Like in this case, when there is no dispute of material fact and the contemnor does not request a hearing, a court may resolve contempt allegations "on the papers" "[if] given the nature and circumstances of the case … the parties ha[d] a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions[.]" Morales-Feliciano v. Parole Bd. of P.R., 887 F.2d 1, 6 (1st Cir. 1989) (extending Aoude v. Mobil Oil Corp., 862 F.2d 890, 894 (1st Cir. 1988) to civil contempt proceedings).

**B. Application to this Case.**

Applying the above principles to this case, the Court concludes that it can resolve the allegations of civil contempt against Rimas Sports without a hearing. The Court has granted Rimas Sports ample opportunity to respond to the allegations contained in the MLBPA's Motions for Contempt. The Court issued an Order to Show Cause (Docket No. 83) and Rimas Sports complied by filing a Memorandum in Opposition to the Motion for Contempt. (Docket No. 84). Rimas Sports then filed a Supplemental Memorandum in Opposition. (Docket No. 86). Moreover, neither party has requested a hearing and, the Court nor the parties have identified any genuine dispute of material fact relevant to the contempt allegations.

Upon a careful review, and after evaluating the four factors mentioned above, the Court concludes that Rimas Sports is in contempt of the Opinion and Order. (Docket No. 77). First, Rimas Sports is subject to the clear and unambiguous Opinion and Order. As written, the Opinion and Order clearly required Rimas Sports to arbitrate this matter pursuant to the MLBPA's Regulations. This is legally possible because Rimas is cognizant of the MLPBA's Regulations and neither party challenged the Opinion and Order.

Second, Rimas Sports had actual notice of the Opinion and Order as it was electronically notified to the parties through the CM/ECF system of the Court. Third, Rimas Sports had the ability to comply with the Opinion and Order because Rimas Sports agreed to be bound by the MLBPA's Regulations and its arbitration procedures. To this effect, Rimas Sports admitted that it invoked the arbitration procedure through a written grievance with the MLBPA, as required by Section 7(B)(6) of the Regulations. Fourth, Rimas Sports disobeyed the Court's Opinion and Order to arbitrate pursuant to the MLBPA's Regulations and arbitration procedures by filing a parallel Demand for Arbitration with the AAA which is not contemplated in the MLBPA's Regulations. Consequently, Rimas Sports' contempt is evident, and the Court concludes remedial sanctions are appropriate.

In imposing sanctions, the Court is mindful of the Court of Appeals for the First Circuit's command that civil contempt penalties must be "meant to coerce compliance rather than punish past noncompliance." Hawkins v. N.H. Dep't of Health and Human Servs., 665 F.3d 25, 32 (1st Cir. 2012). At the same time, the Court may "compensate a party harmed by non-compliance." United States v. Puerto Rico, 642 F.3d 103, 108 (1st Cir. 2011). Thus, Rimas Sports is sanctioned in the amount of the MLBPA's reasonable attorney's fees and costs it incurred in moving Rimas Sports to comply with the Court's Opinion and Order.

## CONCLUSION

According to the above mentioned, the MLBPA's Motions for Contempt (Docket Nos. 79 and 81) are GRANTED. Rimas Sports is ordered to withdraw, by close of business day on September 5, 2024, its Demand for Arbitration with the AAA and is sanctioned in the amount of the MLBPA's reasonable attorney's fees and costs. The MLPBA is granted

Case 3:24-cv-01222-CVR     Document 95     Filed 09/04/24     Page 6 of 6

Diamond Sports, LLC d/b/a Rimas Sports v. Major League Baseball Players Association
Order
Civil No. 24-1222 (CVR)
Page 6
_____

until September 11, 2024, to submit a statement detailing the fees and costs it has incurred because of Rimas Sports' contempt for the Court's consideration.[3]

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, on this 4th day of September of 2024.

                                         S/CAMILLE L. VELEZ-RIVE
                                         CAMILLE L. VELEZ-RIVE
                                         UNITED STATES DISTRICT JUDGE

---

[3] See Docket No. 79, p. 9, footnote 6.